IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| LISA FRANKLIN DAISEY | : |
| v. | : Civil Action No. DKC 13-3332 |
| ARTHUR Z. WEISS, DMD, et al. | : |

**MEMORANDUM OPINION**

Plaintiff Lisa F. Daisey commenced this employment action in the Circuit Court for Montgomery County, Maryland, on September 13, 2013, against Defendants Arthur Z. Weiss, DMD, P.A., and Arthur Z. Weiss, DMD. (ECF No. 2). On November 7, 2013, Defendants removed this action to the United States District Court for the District of Maryland based on federal question jurisdiction because Count III of Plaintiff's complaint, a claim of constructive fraud, alleged entitlement to benefits under her employer's profit sharing plan ("PSP"). (ECF No. 1). Plaintiff's PSP falls within the scope of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a), as an employee benefit pension plan defined in 29 U.S.C. § 1002(2). State law claims implicating ERISA are completely preempted by ERISA and converted to federal law claims over which federal courts have original jurisdiction based on ERISA's civil enforcement provision, 29 U.S.C. §

1132(e)(1).  *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002).

Defendants assert that because of the ERISA claim in Count III, a federal court has jurisdiction over the additional four state law claims in the complaint based on supplemental jurisdiction.  28 U.S.C. § 1367.  On July 3, 2014, the court issued an order directing either party to show cause why Counts I (violation of the Maryland Wage Payment Collection Act), II (violation of the Maryland Wage Payment Collection Act), IV (wrongful/constructive discharge), and V (violation of the Maryland Confidentiality of Medical Records Act) should not be severed and remanded pursuant to 28 U.S.C. § 1441(c) as it did not appear that there existed a common nucleus of operative fact to support supplemental jurisdiction.  (ECF No. 32).[1]  Plaintiff responded on July 11, 2014, in agreement that the state law claims encompassed within Counts II, IV, and V, and a portion of Count I should be severed and remanded per the rationale of the July 3rd Order.  Additionally, Plaintiff requested leave to amend her complaint.  (ECF No. 33).  Defendants filed a motion for

---

[1] 28 U.S.C. § 1441(c): if a civil action includes: (a) a federal question claim; and (b) a claim not within the district court's original or supplemental jurisdiction then the entire action is removable if it could be removed without including the claim in section (b).  In such a situation, upon removal the district court "shall" sever the claims falling under subsection (b) and remand those claims to the state court, keeping the federal claims.

extension of time, which was granted, and Defendants responded to the order to show cause on July 22, 2014. Defendants primarily make four arguments: (1) supplemental jurisdiction is a doctrine of flexibility; (2) the employment relationship is a sufficient connection for a common nucleus of operative fact to exist; (3) Count I brings a Maryland Wage Payment and Collection law claim pertaining to what Plaintiff was owed under the PSP and Count II is brought under the same statute as Count I; and (4) it would be costly and inefficient to require the parties to pursue claims in both state and federal court.

Claims that do not fall within the court's original jurisdiction cannot be heard unless they fall within the court's supplemental jurisdiction, 28 U.S.C. § 1367.  The supplemental jurisdiction statute provides that, generally, where the court has original jurisdiction over one or more claims, it possesses supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  To arise out of the same case or controversy the state and federal law claims must derive out of a "common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Defendants state that Plaintiff's claim in Count I, violation of the Maryland Wage Payment Collection Law ("MWPCL") based on Defendants alleged failure to pay wages due at the time of termination is sufficiently connected to the PSP, which falls under ERISA. This is persuasive in part. Under section 3-503 of the MWPCL, employers cannot withhold "wages" owed at the time of termination. The MWPCL defines "wages" as "all compensation that is due to an employee for employment," including a bonus; a commission; a fringe benefit; overtime wages; or other remuneration promised for service. "Once a bonus, commission or fringe benefit has been promised as a part of the compensation for service, the employee would be entitled to its enforcement as wages." *Whiting Turner Contracting Co. v. Fitzpatrick*, 366 Md. 295, 305 (2001). Plaintiff states in her complaint that at the time of her employment, as remuneration for her services, she was promised the opportunity to participate in a profit sharing plan. (ECF No. 2 ¶ 66). Therefore, the portion of Count I that pertains to recovery of "wages" under the PSP will be retained. The remainder of Count I, not pertaining to recovery of compensation due under the PSP, will be severed and remanded.

Count II is another alleged MWPCL violation but this count solely pertains to unlawful wage skimming of Plaintiff's hourly wage. Counts IV and V are allegations of wrongful/constructive

discharge and a violation of the Maryland Confidentiality of Medical Records Act. These counts are entirely unrelated to the PSP and Defendants cite no additional connection between these counts and Count III other than the existence of an employer-employee relationship. Judges in this jurisdiction, including the undersigned, have previously rejected the notion that a common nucleus of operative fact exists where an employer-employee relationship is the sole link between state and federal law claims. *See, e.g., Saman v. LBDP Inc.*, No. DKC 12-1083, 2012 WL 5463031 (D.Md. Nov. 7, 2012) (holding that an employer-employee relationship did not provide a sufficient nexus between a state wrongful discharge claim and a Fair Labor Standards Act claim to support the finding of a common nucleus of fact); *Williams v. Long*, 558 F.Supp.2d 601, 604 (D.Md. 2008) ("Federal courts have been reluctant to exercise supplemental jurisdiction over state law claims and counterclaims in the context of a FLSA suit where the only connection is the employee-employer relationship.").

Additionally, Defendants ask this court to retain Count IV and V in the interest of fairness and judicial economy, otherwise the parties will have to litigate in two forums. While the argument for judicial economy is a valid concern, the power to determine the nature and scope of federal court jurisdiction is entirely vested in Congress under Article III of

5

the United States Constitution. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Until recently, Defendants' appeals to fairness and economy would have been well received, as 28 U.S.C. § 1441(c) previously stated:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court *may* determine all issues therein, or, in its *discretion*, *may* remand all matters in which State law predominates.

(emphasis added). This prior version of the statute gave the court considerable discretion in deciding whether remand was appropriate. But following a January 2012 amendment, Congress eliminated that discretion. The current version reads:

> (1) If a civil action includes—
>
>     (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
>     (B) a claim not within the original or supplemental jurisdiction of the district court . . ., the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required

6

> to join in or consent to the removal under paragraph (1).

In the most recent version of 28 U.S.C. § 1441(c), federal courts have no discretion and must remand claims not within original or supplemental jurisdiction. The majority of the cases Defendants cite where courts have chosen to retain claims not arising under supplemental or original jurisdiction were governed by the prior version of section 1441(c).

While this decision may not be in the interest of judicial economy, Congress has determined that a federal court does not have the discretion under 28 U.S.C. 1441(c) to retain claims if it does not have original or supplemental jurisdiction. Consequently, because this court has neither original nor supplemental jurisdiction over Counts II, IV, and V and part of Count I, they will be severed and remanded.

Finally, Plaintiff asks for leave to amend her complaint as it pertains to a portion of Count I and III.  (ECF No. 33). Recognizing that a portion of Count I is unrelated to the profit sharing plan and should be remanded, Plaintiff seeks to re-characterize Count III and a portion of Count I as an ERISA claim.  Federal Rule of Civil Procedure 15(a) states that outside of the provided twenty-one day period during which a plaintiff can freely amend her complaint, "a party may amend its pleading only with the opposing party's written consent or the

7

court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants do not object to Plaintiff's attempt to re-characterize Count III and part of Count I as an ERISA claim. (ECF Nos. 36 & 38). Plaintiff's claims pertaining to the profit sharing plan are completely pre-empted by ERISA regardless of their original characterization; therefore, Plaintiff is granted leave to amend in the interest of clarity.

Accordingly, the counts of Plaintiff's complaint not pertaining to compensation due under the PSP will be severed and remanded to the Circuit Court for Montgomery County and Plaintiff's motion for leave to amend will be granted. A separate order will follow.

                                            /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge